IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  05-cv-00655-MEH-MJW

FULL SERVICE BEVERAGE COMPANY, a Kansas corporation, and
ALL-AMERICAN BOTTLING CORPORATION, L.L.C., an Oklahoma
limited liability company,

      Plaintiffs,

vs.

BLUE OX DISTRIBUTORS, L.L.C., a New Jersey limited liability company, and
LANSMEN, L.L.C., a Colorado limited liability company, d/b/a NEW AGE
BEVERAGE, a registered tradename,

      Defendants.

---

**ORDER ON PLAINTIFFS' MOTION TO DISMISS WITHOUT PREJUDICE
AND DEFENDANT LANSMEN, L.L.C.'s MOTION FOR SUMMARY JUDGMENT**

---

On June 30, 2005, with the consent of the parties and in accordance with 28 U.S.C. § 636(c)

and Fed. R. Civ. P. 73, this case was referred to the United States Magistrate Judge for all

proceedings, including disposition. Defendant Lansmen, L.L.C. has filed a Motion for Summary

Judgment (Docket #31).  Plaintiffs filed their response and Defendant its reply, and that motion is

fully briefed.  Thereafter, Plaintiffs  filed a Motion to Dismiss without Prejudice, seeking voluntary

dismissal under Fed. R. Civ. P. 41(a)(2).  Defendant Lansmen has responded in opposition to that

motion.[1]  Oral argument would not materially assist the Court in adjudicating the Motion to Dismiss.

For the reasons stated below, the Court **grants** the Plaintiffs' Motion to Dismiss with conditions and

**denies** the Defendant's Motion for Summary Judgment as moot.

---

[1]Defendant Blue Ox Distributors LLC has stated that it does not oppose Plaintiff's Motion
to Dismiss.

## I.   Facts

Plaintiffs filed this suit alleging that Defendants had conspired to deprive Plaintiffs of their contractual rights to exclusive distribution of Blue Ox beverages in several markets.  Trial is set for May 8, 2006.  On December 8, 2005, Defendant Lansmen filed its Motion for Summary Judgment. In their Response, Plaintiffs argue, among other things, that they have been prevented in preparing their case because Defendants have not cooperated in discovery and because Defendant Blue Ox Distributors has been without counsel since October 2005[2] and, thus, has not been in a position to exchange discovery.  Relying on that same argument, Plaintiffs have filed a motion to voluntarily dismiss their action without prejudice.

## II.   Discussion

### A.   Law Governing Voluntary Dismissal without Prejudice

Absent "legal prejudice" to the defendant, this Court should normally grant a motion to dismiss without prejudice under Fed. R. Civ. P. 41(a)(2).  *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (quoting *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997)).  The possibility that the lawsuit will be refiled does not constitute such prejudice.  *Brown*, 413 F.3d at 1124.  Prejudice could be found in the following considerations: (1) the defendant's effort and expense in preparing for trial; (2) the plaintiff's excessive delay and lack of diligence in the pending case; (3) an insufficient explanation of the need for a dismissal; and (4) the current stage of the litigation.  *Id.*  The Court is not tied to any specific factors in determining the Motion to Dismiss, but rather, should examine the particular circumstances of each case, with the goal of assuring that

---

[2]In response to an Order to Show Cause why default judgment should not be granted based on Blue Ox's failure to have counsel, new counsel for Blue Ox have entered their appearance.

"'substantial justice is accorded to both parties, and therefore the court must consider the equities not only facing the defendant, but also those facing the plaintiff.'" *Id.* (quoting *County of Santa Fe v. Public Serv. Co.*, 311 F.3d 1031, 1048 (10th Cir. 2002)).

As in the *Brown* case, the Court has considered the factors governing dismissal without prejudice, and particularly any legal prejudice to the Defendants, and the Court believes that dismissal is justified if it is subject to certain conditions. However, Plaintiffs will be given an opportunity to withdraw their motion "'if [they] find[] those conditions unacceptable' or too onerous." *Gonzales v. City of Topeka*, 206 F.R.D. 280, 283 (D. Kan. 2001) (citation omitted).

**B.      Applying the Prejudice Factors**

Although, as shown below, all factors do not favor dismissal, imposing appropriate conditions tips the balance in Plaintiffs' favor under a substantial justice analysis.

1.      Defendant's Effort and Expense in Preparing for Trial

Defendant Lansmen is the only party that has formally responded to Plaintiff's motion, and only the potential prejudice to such Defendant will be considered. There does not appear to have been extensive discovery in this case. Defendant Lansmen contends that it is ready for trial. The discovery deadline has passed, and Plaintiffs have filed no motions to compel discovery from Lansmen. Therefore, legal prejudice to Lansmen can be avoided by prohibiting Plaintiffs from conducting further discovery against Lansmen in any subsequent successor lawsuit.

2.      Any Excessive Delay or Lack of Diligence by Plaintiffs

Lansmen argues that Plaintiffs have failed to pursue compliance with this Court's directive that Blue Ox obtain counsel. Lansmen also argues that Plaintiffs have not filed any motions to compel in connection with any alleged failure to provide discovery. The Court agrees that these are

3

legitimate considerations, although Blue Ox has now obtained counsel.  This factor weighs against dismissal without prejudice.

3.      <u>Sufficiency of Explanation of Need for Dismissal</u>

Blue Ox's failure to obtain counsel was an unforeseeable event occasioned by no fault of the Plaintiffs.  If there is to be a trial in this matter (or even an adjudication on a dispositive motion), it should be on the merits of the case.  The Court is satisfied that Plaintiffs do not have the information they need to proceed (and, indeed, perhaps such information will lead the Plaintiffs to conclude that they should abandon their case with prejudice).  This factor weighs in favor of dismissal.

4.      <u>Present Stage of the Litigation</u>

The present stage of the litigation does not favor dismissal without prejudice.  Again, however, with sufficient protective measures, Lansmen's interests will not suffer legal prejudice.

**C.      Terms and Conditions of Dismissal**

The Court **grants** the Motion to Dismiss without Prejudice subject to the following conditions:

1.      Plaintiff has 60 days to refile this action.  If a subsequent action is not filed within that time, this dismissal will be converted to a dismissal with prejudice.
2.      No further discovery to Lansmen will be permitted.
3.      Upon refiling of this case, all discovery accomplished in this case shall carry over to the new case.
4.      Plaintiffs will have 90 days from the date of filing of any new case to complete all discovery.  Any defendant will then have an opportunity to submit a dispositive motion no later than 120 days from the date of filing of the new case.  Plaintiffs shall pay reasonable attorney's fees for any unavoidable, duplicative effort by Lansmen in submitting an updated motion for summary judgment in the new case.
5.      Defendant Lansmen is granted leave to submit a motion, no later than 120 days from the date of filing of the new case, concerning payment by Plaintiffs of any other reasonable expenses, including attorney's fees, that it believes are attributable to the duplication required by a successor lawsuit.
6.      Plaintiffs will pay the reasonable attorney's fees associated with Lansmen filing a

4

response to the Motion to Dismiss.

7.   Plaintiffs' failure to abide by this Order and any other orders arising from the conditions herein will convert this dismissal into a dismissal with prejudice.

Because the Court believes that Plaintiffs should be afforded the opportunity to withdraw their Motion to Dismiss if the conditions placed on dismissal are too burdensome, Plaintiffs shall have until April 3, 2006, to either withdraw their motion or accept these conditions. In light of the grant of the Motion to Dismiss, Defendant Lansmen's Motion for Summary Judgment will be **denied** as moot. If Plaintiffs do withdraw their Motion to Dismiss, the Court will treat Defendant Lansmen's Motion for Summary Judgment as pending. If Plaintiffs accept these conditions, Defendants shall submit a proposed bill of their reasonable costs and attorney's fees to the Court relating to their Response to Plaintiffs' Motion to Dismiss no later than April 10, 2006. Plaintiffs shall file any objections to the reasonableness of these fees no later than April 17, 2006.

## III.   Conclusion

Accordingly, for the reason stated above, it is hereby **ORDERED** that the Plaintiffs' Motion to Dismiss [Filed February 17, 2006; Docket #39] is **granted** with conditions as stated herein. Plaintiffs shall either withdraw their Motion to Dismiss or file their acceptance of these conditions with the Court no later than April 3, 2006. Defendant Lansmen's Motion for Summary Judgment [Filed December 8, 2005; Docket #31] is **denied** as moot. Should Plaintiffs withdraw their Motion to Dismiss, the Court will treat Defendant Lansmen's Motion for Summary Judgment as pending. This Order will take effect on April 3, 2006, if Plaintiffs have not withdrawn their Motion to Dismiss.

Dated at Denver, Colorado, this 22nd day of March, 2006.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge